UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CASE NO.: 2:25-cv-07809-DCN

DAVID GORDON OPPENHEIMER,

        Plaintiff,

v.

MEDIA SERVICES, INC. and ISLE OF PALMS CHAMBER OF COMMERCE,

        Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DAVID GORDON OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendants MEDIA SERVICES, INC. and ISLE OF PALMS CHAMBER OF COMMERCE for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Oppenheimer's original copyrighted Work of authorship, and under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, for the unauthorized removal or alteration of copyright management information ("CMI"), the false addition of CMI, and the subsequent distribution of unauthorized copies of Oppenheimer's original copyright-protected Work.

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates an established business in North Carolina, Performance Impressions LLC, as the

primary outlet to sell prints of his photographs in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos featuring concerts, music festivals, travel destinations, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. His work has been featured by *National Geographic*, *Rolling Stone*, *NBC*, Goldman Sachs, HBO Sports, and on display at the Museum of the City of New York.

3. Defendant MEDIA SERVICES, INC. ("MSI") is the Charleston-based magazine publisher that produces *Mount Pleasant Magazine* and *Isle of Palms Magazine*. At all times relevant herein, MSI owned and operated the internet websites located at the following URLs: https://www.mountpleasantmagazine.com (the "MPM Website"); https://isleofpalmsmagazine.com/ (the "IOPM Website") (collectively referred to as the "MSI Websites").

4. Defendant ISLE OF PALMS CHAMBER OF COMMERCE ("IOP COC") is a local organization that represents the interests of businesses for a South Carolina city named Isle of Palms. At all times relevant herein, IOP COC owned and operated the LinkedIn page located at the URL https://www.linkedin.com/company/isle-of-palms-chamber-of-commerce (the "LinkedIn Page").

5. Defendants MSI and IOP COC are collectively referred to herein as "Defendants".

6. Oppenheimer alleges that Defendants copied Oppenheimer's copyright-protected Work from the internet to advertise and promote their own services as well as those of their client, IOP COC. Defendants committed the violations alleged herein for commercial gain while advertising and promoting their services in the course and scope of their business activities.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501 and under the Digital Millennium Copyright Act 17 U.S.C. § 1202.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in South Carolina.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

11. Media Services, Inc. is a South Carolina corporation with its principal place of business at 1013 Chuck Dawley Blvd, Mount Pleasant, SC 29464, and can be served by serving its Registered Agent, Bill Macchio, at the same address.

12. Isle of Palms Chamber of Commerce is a South Carolina nonprofit with its principal place of business at 1304 Palm Boulevard, Isle of Palms, SC 29451, and can be served by serving its Registered Agent, Alexander D. Stone III, at the same address.

## THE COPYRIGHT-PROTECTED WORK AT ISSUE

13. In 2013, Oppenheimer created an aerial photograph of the Isle of Palms beach inlet while aboard a chartered, piloted helicopter with the rear doors removed for the purpose of aerial photography, which is shown below and referred to herein as the "Work."



14.     Oppenheimer has complied in all respects with 17 U.S.C. § 102 and all other laws governing federal copyright applicable to the Work. Prior to first publication of the Work, he registered the Work with the U.S. Copyright Office as part of registration of a group of photographs titled "Travel, Festival, and Concert Photography by David Oppenheimer 2013.". The Work is on deposit with the U.S. Copyright Office with the contents title "*Isle of Palms Waterfront Real Estate.*" The registration was assigned the number VAu 1-142-190 with an effective date of August 31, 2013. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit 1**.

15.     Prior to the time Oppenheimer published the Work, he applied CMI to the Work consisting of, but not limited to: (1) the copyright symbol "©", the year of the Work's publication, "2013," followed by his first and last name "David Oppenheimer" in the bottom

right corner of the Work (the "Watermark"); (2) CMI embedded in the metadata of the Work (the "Metadata") containing the title of the Work, Plaintiff's name, and the copyright symbol "©" followed by "2013,"; and (3) notices of copyright published adjacent to the Work where Oppenheimer published it on his Flickr account (the "Attribution"). The CMI as displayed on the Work can be seen in paragraph 13 above.

16. At all relevant times Oppenheimer was the owner of the copyrighted Work.

## INFRINGEMENT BY DEFENDANTS

17. On or around October 5, 2016, MSI was granted a limited license to use the Work for a one-time, print-only editorial use on the cover of Isle of Palms Magazine in the October 2016-January 2017 edition. Oppenheimer granted the license subject to the terms that an attribution accompany the Work reading, "© 2013 David Oppenheimer – Performance Impressions Photography Archives," and that related use on the MPM Website was allowed only if the credit caption was linked to Oppenheimer's photography business website: www.performanceimpressions.com.

18. Subject to the limited license MSI received, Oppenheimer sent MSI a copy of the Work that did not bear the Watermark.

19. On or about July 20, 2022, Oppenheimer discovered the unauthorized use of his Work on the MSI Websites. The Work was used in the July/August 2022 issue of Mount Pleasant Magazine as the main photo for an article entitled "*A Chamber of Commerce for IOP*" without the inclusion of any attribution to Oppenheimer or Performance Impressions. Similarly, the Work was used on the MPM Website in an article entitled "*A Chamber of Commerce for Isle of Palms*" without any attribution to Oppenheimer or Performance Impressions.

20. Additionally, the Work was used to advertise for IOP COC. The Work was used on the IOPM Website in an article entitled "*A Chamber of Commerce for IOP: New Opportunities for Island Living, Tourism and Business.*" As used in this article, the infringing copy of the Work omitted Plaintiff's CMI, and instead contained IOP COC's name and logo superimposed over the right side of the Work, which falsely attributed rights to the Work to IOP COC, as shown below.



21. Further, IOP COC used the Work on the LinkedIn Page in a publication sharing the article from the IOPM Website which bore the infringing copy of the Work as the featured image.

22. On a date after the Work was created, but prior to the filing of this action, Defendants copied the Work and used it outside the scope of the license and without Plaintiff's authorization.

23. Defendants copied Oppenheimer's copyrighted Work without Oppenheimer's permission.

24. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their magazine publications and business development services.

25. Defendants copied and distributed Oppenheimer's copyrighted Work in connection with Defendants' businesses for purposes of advertising and promoting Defendants' businesses, and in the course and scope of advertising and selling products and services.

26. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

27. Oppenheimer never gave Defendants permission or authority to copy, distribute or display the Work for any use other than to MSI for what was agreed upon in the aforementioned limited license.

28. When Defendants copied and displayed the Work, Defendants removed Oppenheimer's CMI from the Work by omitting the required attribution alongside the display of the Work.

29. Oppenheimer never gave Defendants permission or authority to remove his CMI from the Work.

30. Additionally, when the Work was copied and displayed, either MSI or IOP COC or both applied false copyright management information to the Work in the form of IOP COC's name and logo superimposed over the right side of the Work.

31. Oppenheimer never gave either Defendant permission or authority to remove Plaintiff's CMI or add IOP COC's CMI to the Work, or to display, distribute, or otherwise use an unauthorized derivative work of the Work that included IOP COC's CMI.

32. Through counsel, Oppenheimer notified MSI of the allegations set forth herein on March 6, 2025 and March 24, 2025 via letter, May 6, 2025 through FedEx, and on July 1, 2025 by telephone. To date, the parties have failed to settle this matter.

33. As of the date of filing this action, Defendants have refused to cease and desist their infringing conduct. Despite multiple written and verbal notifications of infringement and requests for removal, Defendants have continued to display and distribute the unauthorized copies of the Work.[1] Defendants' ongoing infringement demonstrates willful disregard of Oppenheimer's rights and supports the need for immediate and permanent injunctive relief to prevent further irreparable harm.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

34. Oppenheimer incorporates the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Oppenheimer owns a valid copyright in the Work.

36. Oppenheimer registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

37. Defendants copied, displayed, and distributed the Work and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

38. Defendants performed the acts alleged in the course and scope of their business activities.

39. Defendants' acts were willful.

40. Oppenheimer has been damaged.

---

[1] The infringement remains publicly displayed at the following URL:
https://mountpleasantmagazine.com/2022/business/chamber-of-commerce-for-isle-of-palms/

41. The damage caused to Oppenheimer includes irreparable harm.

## COUNT II
## FALSE COPYRIGHT MANAGEMENT INFORMATION BY MSI

42. Oppenheimer incorporates the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

43. MSI added false CMI to the Work at issue in this case.

44. MSI knowingly and with the intent to enable or facilitate copyright infringement, added false CMI to the Work in violation of 17 U.S.C. § 1202(a)(1) in the form of IOP COC's name and logo embedded upon the Work, as shown below:



45. After applying the false CMI to the Work, MSI knowingly published and distributed copies of the Work in violation of 17 U.S.C. § 1202(a)(2).

46. MSI caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Oppenheimer's rights in the Work protected under the Copyright Act.

47. Oppenheimer has been damaged.

48. The harm caused to Oppenheimer has been irreparable.

### COUNT III
### FALSE COPYRIGHT MANAGEMENT INFORMATION BY IOP COC
### (IN THE ALTERNATIVE TO COUNT II)

49. Oppenheimer incorporates the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

50. The Work at issue in this case contains false CMI.

51. IOP COC knowingly and with the intent to enable or facilitate copyright infringement, added false CMI to the Work in violation of 17 U.S.C. § 1202(a)(1) in the form of its name and logo embedded upon the Work.

52. After applying the false CMI to the Work, IOP COC knowingly distributed copies of the Work in violation of 17 U.S.C. § 1202(a)(2).

53. IOP COC caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Oppenheimer's rights in the Work protected under the Copyright Act.

54. Oppenheimer has been damaged.

55. The harm caused to Oppenheimer has been irreparable.

### COUNT IV
### REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

56. Oppenheimer incorporates the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

57. The Work contains CMI in the form of an attribution to Oppenheimer.

58. By omitting the required attribution alongside the infringing display of the Work, Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work in violation of 17 U.S.C. § 1202(b)(1).

59. After removing Oppenheimer's CMI from the Work, Defendants distributed the Work in violation of 17 U.S.C. § 1202(b)(3).

60. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate, or conceal infringement of Oppenheimer's rights in the Work protected under the Copyright Act.

61. Defendants caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate, or conceal infringement of Oppenheimer's rights in the Work protected under the Copyright Act.

62. Oppenheimer has been damaged.

63. The harm caused to Oppenheimer has been irreparable.

WHEREFORE, Plaintiff DAVID GORDON OPPENHEIMER prays for judgment against the Defendants MEDIA SERVICES, INC. and ISLE OF PALMS CHAMBER OF COMMERCE that:

    a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1202;

    b. Defendants be required to pay Oppenheimer his actual damages and Defendants' profits attributable to the infringement, or, at Oppenheimer's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

  c. Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

  d. Oppenheimer be awarded pre- and post-judgment interest; and

  e. Oppenheimer be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: July 17, 2025     Respectfully submitted,

      */s/ Hunter Freeman*
      HUNTER S. FREEMAN, Fed ID 9313
      hfreeman@kimandlahey.com

      **KIM LAHEY & KILLOUGH LAW FIRM LLC**
      3620 Pelham Road
      PMB #213
      Greenville, SC 29615
      864-609-3473 - Telephone

      *Counsel for Plaintiff David Gordon Oppenheimer*